IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


CORA JOHNSON,                        :

     Plaintiff,                     :

vs.                                                    CA 04-00647-C

                                         :

JO ANNE B. BARNHART,
Commissioner of Social Security,    :

     Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for supplemental security income benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (*See* Doc. 17 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . and order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the Commissioner's proposed report and recommendation, and the parties'

arguments at the May 4, 2005 hearing before the Court, it is determined that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due to scoliosis of the lumbar spine, arthritis, impingement in the right shoulder, and chronic back and shoulder pain. The Administrative Law Judge (ALJ) made the following relevant findings:

> 3.     The medical evidence of record establishes that the claimant has the adverse consequences of mild idiopathic lumbar scoliosis, confirmed by x-ray, and right subacromial impingement syndrome, impairments which are "severe" but which do not meet or equal the criteria of any of the impairments listed in Appendix 1 to Subpart P of Regulations No. 4.
>
> 4.     The claimant's statements concerning her impairments and their impact upon her ability to work are not entirely credible because they are not supported by the evidence of record.
>
> 5.     The claimant retains the residual functional capacity to perform a wide range of sedentary work activity. She can frequently lift and carry up to ten pounds, sit for up to six hours total in an entire eight-hour work day and can stand and walk up to two hours. Because of pain symptoms and the claimant's occasional use of strong pain medication and anti-inflammatory medication she is limited to unskilled work and should avoid hazardous machinery and unprotected heights. ([20] C.F.R. § 416.967) The claimant's capacity for sedentary work is not significantly diminished by other non-exertional limitations or

---

[1]     Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 17 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

restrictions which make it impossible for her to work.

6.     The claimant is forty-three years old, a "younger individual, age 18-44."

7.     The claimant has a twelfth grade "high school" education.

8.     The claimant has past relevant work as a school custodian.

9.     The claimant cannot return to her past job because the exertional and nonexertional demands of that job exceed her current residual functional capacity.

10.    Based upon her capacity for a wide range of sedentary work, the claimant's age, education background, and past work experience, Rule 201.27 directs a conclusion that the claimant is not disabled.

11.    The claimant has not been under a "disability," as defined in the Social Security Act, at any time through the date of this decision.

(Tr. 23-24)   The Appeals Council affirmed the ALJ's decision (Tr. 5-7) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  In evaluating whether the claimant has met this burden, the examiner must consider the following four factors:  (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of

pain; and (4) the claimant's age, education and work history. *Id*. at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform a wide range of sedentary work, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, the plaintiff contends that the ALJ made the following errors: (1) he failed to accord any weight to the opinion of Dr. Thomas Sapp, her treating physician of many years; and (2) he erred in applying the grids.

It is clear in this circuit that the Commissioner of Social Security must develop "a full and fair record regarding the vocational opportunities available

to a claimant." *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989) (citation omitted). The Commissioner must articulate specific jobs that the claimant can perform given his age, education and work history, if any, "and this finding must be supported by substantial evidence, not mere intuition or conjecture." *See id.* (citation omitted). The means by which the Commissioner meets this burden include use of the grids and reliance on vocational expert testimony. *See id*. at 1201-1202.

In this case, the ALJ made the following finding: "The claimant retains the residual functional capacity to perform a wide range of sedentary work activity. She can frequently lift and carry up to ten pounds, sit for up to six hours total in an entire eight-hour work day and can stand and walk up to two hours. Because of pain symptoms and the claimant's occasional use of strong pain medication and anti-inflammatory medication she is limited to unskilled work and should avoid hazardous machinery and unprotected heights. ([20] C.F.R. § 416.967) The claimant's capacity for sedentary work is not significantly diminished by other non-exertional limitations or restrictions which make it impossible for her to work." (Tr. 23, Finding No. 5) The ALJ then proceeds to find that Rule 201.27 of the grids direct a finding that plaintiff is not disabled. (*Id*., Finding No. 10) The ALJ's reliance upon the grids to satisfy the Commissioner's fifth-step burden necessarily stands and falls upon his

determination that Johnson retains the residual functional capacity to perform a wide range of sedentary work.

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 416.967(a) (2004). Social Security Ruling 83-10 provides that "'[o]ccasionally' means occurring from very little up to one-third of the time. Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." *Id*.

As is clear from the foregoing discussion, in this circuit the burden is upon the Commissioner at the fifth step of the sequential evaluation process to establish capacity to perform other work and thereby to establish the claimant's residual functional capacity. *See Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). This Court has held on numerous occasions that the Commissioner's fifth-step burden cannot be met by a lack of evidence or otherwise, where available, by the residual functional capacity assessment of a non-examining,

reviewing physician,[2] *see, e.g., Sharp v. Barnhart*, CA 01-0325-BH-C, but instead must be supported by the residual functional capacity assessment of a treating or examining physician. Such an assessment is particularly warranted where, as here, the ALJ has rejected the only RFC assessment in the record. The ALJ specifically rejected the physical capacities evaluation ("PCE") and clinical assessment of pain forms completed by plaintiff's treating physician, Dr. Thomas Sapp. (*See* Tr. 212-213) Dr. Sapp's PCE alone establishes that plaintiff cannot perform sedentary work. (*Id*. at 212) Having rejected Sapp's PCE, the ALJ necessarily need point to another PCE which supports his fifth-step determination that plaintiff can perform a wide range of sedentary work. Because this record contains no RFC assessment, other than the rejected PCE completed by Dr. Sapp, there is simply no basis upon which this Court can find that the ALJ's sedentary work determination is supported by substantial evidence. There is no evidence whatsoever which establishes that plaintiff can perform the physical requirements of sedentary work and, certainly, an ALJ's RFC determination must be supported by substantial and tangible evidence, not mere intuition or conjecture regarding what a physician's clinical findings

---

[2]     The opinion of a non-examining, reviewing physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990).

equate to in terms of physical abilities. *Cf. Cole v. Barnhart*, 293 F.Supp.2d 1234, 1242 (D.Kan. 2003) ("The ALJ is responsible for making a RFC determination, and he must link his findings to substantial evidence in the record and explain his decision.").[3]

Even if this Court was to find that the ALJ's sedentary work determination was supported by substantial evidence, remand of this case would still be in order given the ALJ's erroneous application of the grids. It is clear in this circuit that exclusive reliance upon the grids is inappropriate "'"either when the claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills."'" *Allen, supra*, 880 F.2d at 1202 (quoting *Walker v. Bowen,* 826 F.2d 996, 1002-1003 (11th Cir. 1987), in turn quoting *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985)).   Normally, when nonexertional limitations are alleged "the preferred method of demonstrating

_____

[3]      Stated differently, the ALJ has simply not explained to this Court's satisfaction that the evidence of record substantially supports, for instance, his specific finding that Johnson can sit for up to six (6) hours out of an 8-hour workday, as opposed to the two hours found by Dr. Sapp (Tr. 212), or as opposed to three, four or five hours. This Court, of course, appreciates why the ALJ concluded that plaintiff can sit for 6 hours total out of an 8-hour workday inasmuch as that is what is required by the definition of sedentary work activity. *See* SSR 83-10 (at the sedentary level of exertion, sitting should generally total approximately 6 hours out of an 8-hour workday). However, in determining RFC an ALJ simply cannot be allowed to end with a proposition supporting non-disability without specific and concrete evidence which supports each work-related requirement on a function-by-function basis.

that the claimant can perform specific work is through the testimony of a vocational expert." *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986); *see Francis*, 749 F.2d at 1566 ("The preferred method of demonstrating job availability when the grids are not controlling is through expert vocational testimony"). "'It is only when the claimant can clearly do *unlimited* types of [sedentary] work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.'" *Allen*, 880 F.2d at 1202 (quoting *Ferguson v. Schweiker*, 641 F.2d 243, 248 (5th Cir. Unit A March 30, 1981)). Where nonexertional impairments are present "[t]he ALJ must '"make a specific finding as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations."'" *Foote, supra*, 67 F.3d at 1559 (citations omitted).

In this case, the specific finding made by the ALJ is that "[t]he claimant's capacity for sedentary work is not significantly diminished by other non-exertional limitations or restrictions which make it impossible for her to work." (Tr. 23, Finding No. 5) This finding is internally inconsistent inasmuch as it indicates in the first breath that Johnson's non-exertional limitations are not severe enough to preclude a wide range of sedentary work but all that is taken away in the next breath with the statement that claimant's non-exertional

limitations would not make it "impossible for her to work." In other words, the fact that Johnson's non-exertional limitations do not make it impossible for her to work inferentially suggests that those limitations are severe enough to preclude the full range of sedentary work. Moreover, this conclusion is supported by the ALJ's concession that plaintiff has pain symptoms which require the occasional use of strong pain medication and by his inability to cite to more than one sedentary job from the Dictionary of Occupational Titles that claimant is capable of performing. This is simply one of those cases where the ALJ should have opted for vocational expert testimony to satisfy the Commissioner's fifth-step burden.

The Commissioner has not satisfied her fifth-step burden of proving that Johnson is capable of performing other work existing in significant numbers in the national economy and therefore, the Commissioner's decision denying claimant supplemental security income benefits is reversed and remanded for further proceedings not inconsistent with this decision.

## <u>CONCLUSION</u>

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to

sentence four of § 405(g),[4]  *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision.   The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 9th day of May, 2005.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[4]      Although the plaintiff's application in this case is solely for supplemental security income benefits pursuant to 42 U.S.C. § 1383(c)(3), remand is proper under sentence four of § 405(g) because § 1383(c)(3) provides that "[t]he final decision of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."